# Exhibit A

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

MELVA FORD,

    Plaintiff,

Case No. 11-CA 2380

vs.

McDONALD'S CORPORATION,

    Defendant.
_____/

# Summons

Date 8-31-11  Time 11:22 am

70  F.D. #144

Certified Process Server, 2nd Judicial Circuit, FL

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**McDONALD'S CORPORATION**
c/o Prentice-Hall Corporation System, Inc., Registered Agent
1201 Hayes Street, Suite 105
Tallahassee, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on   **AUG 3 0 2011**  , 2011.

BOB INZER, CLERK
CLERK OF THE CIRCUIT COURT

By: _____
    Deputy Clerk

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

MELVA FORD,

    Plaintiff,

CASE NO. 11-CA 2380
FLA BAR NO. 0739685

v.

McDONALD'S CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MELVA FORD, hereby sues Defendant, McDONALD'S CORPORATION, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, MELVA FORD, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her gender, female, and the fact that she reported discrimination adversely affecting her and she was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, McDONALD'S CORPORATION, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was originally employed with Defendant on June 2, 2009. During her employment with Defendant beginning in October 2009, Plaintiff verbally reported to her store manager, Tonisa Green Nathan, that a coworker, Christopher Shaw, was inappropriately touching her despite repeated objections directly to Shaw. It continued and again in November 2009, Plaintiff reported this to the store manager.

7. On December 18, 2009, Christopher Shaw threatened Plaintiff's life and again touched her inappropriately, shouted at her, used profanities and uttered racial slurs. Plaintiff, in fear of her life, asked to go home and was told to do so (and that the police would be called). The following day, however, Plaintiff reported to work and was told to go home as she was suspended until further notice. Thereafter, Plaintiff wrote to the Store Manager complaining of the hostile work environment, sexual harassment and lack of management/ownership control over the harassment.

8. After reporting back to work on December 28 or 29, 2009, Plaintiff was retaliated against by Defendant in the form of reduced hours and a continued hostile work environment, including but not limited to being required to work with the harasser. Plaintiff eventually filed a charge of discrimination alleging, among other things, sexual harassment and retaliation. Despite her strong complaints, however, Plaintiff continued to be subjected to the same behaviors.

2

9. By example, on or around November 5, 2010, Plaintiff's coworker, Will Harper, rubbed Plaintiff's face and tried to touch her buttocks. Plaintiff rebuffed the attempts and made it clear the actions were not welcomed. Plaintiff immediately reported the inappropriate behavior to her manager, Regina Kelly.

10. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq.

## COUNT I

## GENDER DISCRIMINATION

11. Paragraphs 1-10 are realleged and incorporated herein by reference.

12. This is an action against Defendant for gender discrimination.

13. Defendant has taken action and allowed action to be taken against Plaintiff because she is female. During Plaintiff's employment with Defendant, she has was the victim of sexual harassment and disparate treatment with no action taken by Defendant to prevent or otherwise correct a known problem. Then after notice of sexual harassment and other forms of discrimination described more fully herein, Defendant delayed in taking action and caused additional harassment and harm to Plaintiff.

14. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

15. Defendant knowingly condoned and ratified the discrimination set forth above.

16. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

17. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the state and federal laws applicable to this action.

18. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to punitive damages.

## COUNT II

## RETALIATION

19. Paragraphs 1-10 are hereby realleged and reincorporated as if set forth in full herein.

20. Defendant is an employer as that term is used under the applicable statutes referenced above.

21. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C §2000e *et seq.*, of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

22. The foregoing unlawful actions by Defendant were purposeful.

23. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

4

24. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

25. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein, including punitive damages;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

# DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 26 day of August, 2011.

MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

_/s/ Marie A. Mattox_
Marie A. Mattox
ATTORNEYS FOR PLAINTIFF
